# IN THE COURT OF APPEALS OF IOWA

No. 20-0897
Filed November 30, 2020

**IN THE INTEREST OF Z.M.H., f/k/a BABY G.,**
**Minor Child,**

**R.G. and S.G.,**
     Petitioners-Appellees,

**J.P., Father,**
     Respondent-Appellant.

_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.

A father appeals the termination of his parental rights in a private termination action. **AFFIRMED.**

Brian T. Bappe of Bappe Law Office, Nevada, for appellant.

James W. Thornton of Thornton & Coy, PLLC, Ankeny, for appellees.

Amanda L. Green of Takekawa & Green, PLLC, Ankeny, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the termination of his parental rights in a private termination action. We find there is clear and convincing evidence in the record to support termination of the father's parental rights on the ground of abandonment. We conclude it is in the child's best interests to terminate the father's parental rights. Accordingly, we affirm the decision of the district court.

## I.     Background Facts & Proceedings

J.P., father,[1] and S.G., mother, are the parents of Z.M.H., born in 2019. They met through a dating website. The mother has an intellectual disability. She is unable to live on her own or manage her financial affairs. She is under the guardianship of her parents, who are the maternal grandparents of the child. The father is a native of another country who came to the United States on a scholarship to pursue graduate studies. The parents had sexual relations three or four times. Differing accounts were provided to the court as to whether all, some, or none of these encounters were consensual in nature.

When the mother found out she was pregnant, she told the maternal grandparents she wanted the child placed for adoption. The maternal grandparents, as her guardians, agreed with her plan. The mother selected family friends to adopt the child, and the child has been placed in their care. Initially, the mother and the maternal grandparents did not know how to contact the father.

---

[1] The parties agree that J.P. is the biological father of the child, although paternity has not been established through testing.

Later, they saw a newspaper article stating the father had been charged with sexual assault against a different woman.[2]

The father has been in jail since before the child was born. On July 17, 2019, the father pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor.[3] He was sentenced to ninety days in jail. The father was required to register as a sex offender and is subject to a special sentence for a period of ten years. Additionally, on December 23, the father pled guilty to a federal charge of receipt of child pornography.

On December 6, the mother, through her guardians, filed a petition to terminate both her parental rights and those of the father. The mother filed a release of custody of the child. The father contested the termination of his parental rights. A hearing was held on June 15, 2020. The father never met the child nor provided any financial assistance, and he has remained incarcerated. The record is void of any requests by the father for contact with the child. At the time of the termination hearing, the father was waiting to be sentenced on the federal charge of receipt of child pornography, which will result in a sentence of between five to twenty years, with a mandatory five-year minimum period of incarceration. The father also acknowledged he could be deported as a result of his criminal activity.

The juvenile court entered an order terminating the parental rights of the mother and the father. The mother's parental rights were terminated under Iowa Code section 600A.8(1) (2019), as she signed a release of custody and did not

---

[2] The mother and maternal grandparents attempted to have the father charged with sexual assault of the mother but the State elected to not pursue the charge.
[3] The victim in this case is not the biological mother of the child at issue.

revoke the release, and section 600A.8(2), as she petitioned for termination of her parental rights. The father's parental rights were terminated under sections 600A.8(3)(b) (abandonment) and 600A.8(11) ("[T]here is clear and convincing evidence that the child was conceived as the result of sexual abuse . . . and the biological parent against whom the sexual abuse was perpetrated requests termination of the parental rights of the biological parent who perpetrated the sexual abuse."). The court found termination of the parents' rights was in the child's best interests. The father appeals the district court's decision.

## II.      Standard of Review

Private termination proceedings under chapter 600A are reviewed de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them." *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). In termination proceedings, our primary concern is the best interests of the child. Iowa Code § 600A.1(1); *In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

## III.     Analytical Framework.

The Iowa legislature requires the best interest of the child to "be the *paramount consideration* in interpreting" the private termination of parental rights. Iowa Code § 600A.1 (emphasis added). The parents' interest must also be given due consideration. *Id.* Private termination proceedings under Iowa Code chapter 600A are a two-step process. *See id.* §§ 600A.1, .8. The moving party must first prove by clear and convincing evidence the grounds for ordering termination of parental rights. *See id.* § 600A.8. For the second prong, the moving party must

prove by clear and convincing evidence that termination is in the best interest of the child.  *See R.K.B.*, 572 N.W.2d at 602.

## IV.    Sufficiency of the Evidence

The father contends there is not clear and convincing evidence in the record to support termination.  "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm."  *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015); *accord In re O.G.*, No. 19-2116, 2020 WL 5650611, at *5 (Iowa Ct. App. Sept. 23, 2020) (applying this principle to a termination under chapter 600A).  We focus on the termination of the father's parental rights on the ground of abandonment.

Section 600A.8(3) provides:

b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
   (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
   (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
   (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The phrase "[t]o abandon a minor child" is defined to

[m]ean[ ] that a parent, putative father, custodian, or guardian rejects the duties imposed by the parent-child relationship, guardianship, or custodianship, which may be evinced by the person, while being able

to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child.

Iowa Code § 600A.2(20). A parent's subjective intent "does not preclude a determination that the parent has abandoned the child." *Id.* § 600A.8(3)(c).

The father has not lived with the child. The father has never had any contact with the child, in person or through other means. While it may be that the father was not aware the mother was pregnant prior to the birth of the child, the child was born in early December 2019, and the father signed an acceptance of service of the petition for termination on December 12, 2019. The child was over six months old at the time of the termination hearing. Since that time, there is no evidence he attempted to inquire concerning the child's welfare or to establish regular communication with the child. The father has not provided any financial support for the child. The father "cannot use his incarceration as a justification for his lack of relationship with the child." *See In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). "This is especially true when the incarceration results from a lifestyle that is chosen in preference to, and at the expense of, a relationship with a child." *Id.*

We agree with the juvenile court's findings:

[The father's criminal] conduct is not only a danger to the child but has resulted in his inability to provide any love, nurturing, supervision, emotional or financial support of the child. He has pled guilty to his criminal conduct. His admissions constitute conduct contrary to the child's welfare to such a degree that has rendered the father absent from the child's life currently and into the distant future. The court concludes the father has abandoned the child by his criminal conduct contrary to the child's welfare resulting in the father's imprisonment and resulting abandonment of the child.

We affirm the termination of the father's parental rights on the ground of abandonment under section 600A.8(3)(b).

### V.     Best Interests

The father contends termination of his parental rights is not in the child's best interests. He states that, although he may not be able to physically care for the child for as long a period as ten years due to his incarceration, he would like to have a relationship with the child once he is released from prison. He further acknowledged he "will probably not be in the United States." He added that he could provide financial support for his child in the future.

Section 600A.1(2) states:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

The district court found termination of the father's parental rights was in the child's best interests. The father pled guilty to receipt of child pornography and is required to register as a sex offender due to his conviction for assault with intent to commit sexual abuse. He will be required to serve a prison sentence of at least five years. We agree with the district court's finding that the father "presents as an immediate and ongoing risk of harm to the child." We conclude it is in the child's best interests to terminate the father's parental rights.

We affirm the decision of the district court.

**AFFIRMED.**